[No. 5363.]

SOUTHERN CALIFORNIA COLONY ASSOCIATION *v.* MIGUEL BUSTAMENTE ET' AL.

SEAL OF CORPORATION.—When the common seal of a corporation is affixed to an instrument in writing, purporting to be executed by it, and the signatures of the proper officers of the corporation are affixed to it and proved, Courts will presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority.

IDEM.—In the absence of the common seal of a corporation, or of proof of facts from which the existence of a resolution of authorization or of the authority itself may be inferred, the authority of the officers of a corporation to execute a conveyance can only be established by resolution of the trustees entered in the proper book of the corporation, which should be in the office of the Secretary.

APPEAL from the District Court, Eighteenth Judicial District, County of San Bernardino.

Action to recover damages for alleged trespasses on a tract of land, part of the Rancho de Jurapa, in San Bernardino County. The rancho was granted to Juan Bandini, in the year 1838. In 1842 or 1843, Bandini made a parol grant of a portion of the rancho to a number of persons who had arrived in California from New Mexico. The condition of the grant was that the New Mexicans should protect the rancho from the incursions of

the Indians.  In 1843, Bandini sold a league of the rancho to B. Wilson, who afterward sold it to one Reubideaux.  Bandini, in 1859, conveyed the ranch to A. Stearns.  This deed excepted the league sold to Wilson, but contained no exception of the land granted to the New Mexicans.  Prior to this, Bandini made a sort of a division of their planting lands among the New Mexicans, and they occupied and cultivated them.  The plaintiff, a corporation, claims from Stearns, through a corporation known as the "Silk Centre Association," which had no deed, but a contract for the purchase of the rancho from Alfred Robinson, trustee of Stearns.  On this contract was indorsed the following conveyance of the same, and of the rights to accrue thereunder:

"Internal Revenue stamp—fifty cents—cancelled.

"Know all men by these presents that the California Silk Centre Association, a corporation incorporated under the laws of California, for value received and in accordance with a resolution passed unanimously by a meeting of the stockholders held September 12th, 1870, at Los Angeles, in which all of the stock of the association was represented, and in accordance with resolutions passed by a meeting of the Trustees of said Association held September 15th, 1870, carrying out the wishes and instructions of said meeting of stockholders, hereby assign and transfer to the 'Southern California Colony Association,' a corporation incorporated under the laws of California in the County of San Bernardino, all the right, title, and interest of said 'Silk Centre Association' in and to the within article, and all rights to accrue under the same.

"In witness whereof, the California Silk Centre Association, Provost selection, San Bernardino County, California, have caused their President, H. Hamilton, and their Secretary, George J. Clarke, herewith to affix their hands and seals on behalf of said association this 15th day of September, 1870.

"[SEAL.]                              H. HAMILTON.
"[SEAL.]                              GEO. J. CLARKE.

"STATE OF CALIFORNIA, }
County of Los Angeles. }

" On this 15th day of September, A. D. one thousand eight hundred and seventy, personally appeared before me, Joel C. Turner, Notary Public in and for the County of Los Angeles, George J. Clarke, Secretary of the within named company, and H. Hamilton, President of said company, whose names are subscribed to the annexed instrument as parties thereto, personally known to me to be the parties described in and who executed the said annexed instrument as the parties thereto, and each for themselves duly acknowledged to me that they executed the same freely and voluntarily, and for the uses and purposes therein mentioned.

" In witness whereof, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.                    JOEL C. TURNER,

" [SEAL.]                    Notary Public."

The " Silk Centre Association " also, on the same day, attempted by the same officers and in the same manner to convey the premises by deed to the plaintiff. The answer denied the plaintiff's title. In support of the title, the plaintiff offered in evidence the foregoing instruments, and they were received against the objection of the defendants. The plaintiff called one James P. Greaves, and against the objection of the defendants proved by him that he was secretary of the plaintiff, that he was acquainted with the " Silk Centre Association " and its officers, and that the books and papers of the latter corporation were in the possession of the plaintiff, and that J. H. Stewart, O. Price, H. Hamilton, George J. Clarke, and Thomas Geary were its Trustees, and H. Hamilton was its President, and J. Clarke was its Secretary. The witness said he was not a member of the " Silk Centre Association," but that Clarke, the Secretary, handed over the books and papers of the " Silk Centre Association " to the plaintiff after the purchase. The witness was then allowed to recite the proceedings of a meeting of the Board of Trustees of the " Silk Centre Association," at which he was present, and at which they authorized the sale made by

the foregoing contract and deed. The defendants objected because the record of the meeting in the books of the corporation was the best evidence.

The plaintiff had judgment, and the defendants appealed.

The other facts are stated in the opinion.

*J. R. McConnell* and *H. C. Rolfe*, for the Appellants.

The Court erred in admitting in evidence parol evidence of the authority of Hamilton and Clark to assign the contract of sale to plaintiff. (*Richardson* v. *The Scott R. W. & M. Co.* 22 Cal. 150–158, and authorities there cited; Angell & Ames on Corporations.)

The Court erred in admitting in evidence the assignment (so-called) of the contract of sale, because no authority was shown in Hamilton and Clark to execute the same.

The Court erred in admitting in evidence the so-called deed of conveyance from the "Silk Center Association" to plaintiff, because said deed on its face appears to be the deed of one H. Hamilton and Geo. J. Clarke, and not that of the alleged grantor. (*Richardson* v. *The Scott R. W. & M. Co.* 22 Cal. 150–158; Angell on Corporations, *ut supra.*) Because there was no legal proof of any authority in Hamilton and Clarke to execute the same, the only evidence of their authority being that of Dr. Greaves, as to what occurred at a certain meeting of the stockholders.

*J. W. Satterwhite*, for the Respondents.

The testimony of Greaves, transcript, shows that the trustees authorized Hamilton and Clarke to execute the instruments objected to by the appellants.

Oral testimony is admissible for that purpose. (Angell and Ames on Corporations, p. 274, note *b*, sec. 283, note 3, sec. 224; *Bay View H. Assc.* v. *Williams*, 50 Cal. 357; *Bank of U. S.* v. *Dandridge*, 12 Wheat. 64; 9 Paige, 496; *St. Mary's Ch.* v. *Caggar*, 6 Barb. 576.)

. By the COURT:

Neither the instrument called the "assignment of the contract of sale," nor the alleged deed from the "Silk Culture Association" has affixed to it the seal of the corporation.

Nor was it proved by the records of the corporation that the persons who signed the instruments were authorized to sign or execute them on behalf of the corporation.

When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, Courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority. (Angell and Ames on Corporations, sec. 224; 1 Kyd. 268.)

But in the absence of the common seal, or of proof of facts and circumstances from which the existence of a resolution of authorization, or of the authority itself, may be inferred, the authority of officers to execute a conveyance can only be established by resolution of the Trustees entered in the proper book of the corporation, which should be in the office of the Secretary. (Angell and Ames, 283.)

Judgment and order reversed and cause remanded for a new trial.