[No. 12812.   In Bank. — April 20, 1889.]

## ALTA SILVER MINING COMPANY, RESPONDENT, v. ALTA PLACER MINING COMPANY ET AL. ALLEN TOWLE ET AL., APPELLANTS.

CORPORATION — AUTHORITY TO EXECUTE MORTGAGE — RESOLUTION OF BOARD OF DIRECTORS. — Neither the president nor the secretary of a corporation, nor any other person, has authority to execute a mortgage of the property of the corporation in the absence of a resolution of the board of directors passed when the board is duly assembled.

ID. — ACT OF 1880 IN RELATION TO CONVEYANCES BY MINING CORPORATIONS — RATIFICATION BY STOCKHOLDERS. — The act of 1880 in relation to conveyance by mining corporations does not dispense with a resolution of the board of directors. It merely superadds a requirement of ratification by the holders of two thirds of the capital stock.

LEVYING OF ASSESSMENT TO PAY DEBT — EFFECT OF. — The levying of an assessment to pay a debt purported to be secured by a void mortgage does not validate such mortgage.

PLEADINGS — STIPULATION AS TO. — A stipulation by the parties may take the place of denials in an answer. Instance.

APPEAL from a judgment of the Superior Court of Placer County, and from an order refusing a new trial.

The facts are stated in the opinion.

*G. H. Colby*, and *J. M. Fulweiler*, for Appellants.

The mortgage in question is not the act of the corporation, but of the individuals signing it. (*Richardson* v. *Scott River W. & M. Co.*, 22 Cal. 150; *Love* v. *Sierra N. L. W. & M. Co.*, 32 Cal. 639; 91 Am. Dec. 602; *Chamberlain* v. *Pac. Wool G. Co.*, 54 Cal. 103.) The corporation could only convey under its corporate seal. (*Richardson* v. *Scott R. W. & M. Co.*, 22 Cal. 150; *Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Southern C. C. Ass.* v. *Bustamente*, 52 Cal. 192.) A mortgage by directors without the corporate seal is invalid unless a vote authorizing the same is shown. (*Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Southern C. C. Ass.* v. *Bustamente*, 52

Cal. 192; Civ. Code, sec. 377.) Directors or officers cannot perform a corporate act except by a vote as a board assembled. (*Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Blood* v. *Marcuse*, 38 Cal. 590; 99 Am. Dec. 435; *Bliss* v. *Kaweah C. & I. Co.*, 65 Cal. 502; *In re St. Helen M. Co.*, 3 Saw. 88; *Hillyer* v. *Overman S. M. Co.*, 6 Nev. 51.) A corporation is not liable on a written contract not executed in its name. (*Shaver* v. *Bear River and A. W. & M. Co.*, 10 Cal. 396.) Stockholders cannot mortgage corporate property. (*Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Wright* v. *Oroville M. Co.*, 40 Cal. 20.)

*Wallace & Prewett*, for Respondent.

It was not necessary that the directors should have authorized the mortgage by resolution. (*Pixley* v. *Western P. R. R. Co.*, 33 Cal. 183; 91 Am. Dec. 623; *Seeley* v. *San Jose Independent M. & S. Co.*, 59 Cal. 22.)

HAYNE, C.—Suit to foreclose a mortgage alleged to have been executed by the Alta Placer Mining Company. This defendant made default. The other defendants had judgment liens upon the mine. The property was sold under one of these judgments to certain of the defendants, to whom a sheriff's deed was issued in due course. The court below gave judgment for the plaintiff, and all the defendants except the company appeal.

The points made relate to the validity of the mortgage. The final clause of the mortgage and the signatures are as follows:—

"In witness whereof the said party of the first part has caused these presents to be subscribed by Robert Rauhut, its agent for that purpose, thereunto duly authorized by resolution and order of its board of directors, and the private seal of said Robert Rauhut, hereby adopted for that purpose as the seal of said corporation,

to be thereunto affixed this the day herein first above written.

(Seal)                    "ROBERT RAUHUT, Agent.

"Witness: J. E. PREWETT, Auburn.

"Witness our hands and seals this second day of March, A. D. 1886.

(Seal)                         "E. D. BOYLE,
              "President Alta Placer Mining Company.
(Seal)                    "JOHN S. ORNDORFF,
              "Secretary Alta Placer Mining Company.
(Seal)          .        "ANTON BOEGLE,
                                  "Stockholder.
(Seal)                    "J. W. PARRISH,
                                  "Stockholder.

"Witness: P. E. SHANNON."

Then follows a certificate of acknowledgment by Rauhut before a notary.   And then comes the following:—

"We, the holders of two thirds of the capital stock of the Alta Placer Mining Company, hereby ratify the foregoing mortgage.

"Witness our hands this February 12, 1886.

                         "ROBERT RAUHUT.
                         "ANTON BOEGLE.
                         "JOHN S. ORNDORFF.
                         "E. D. BOYLE.
                         "J. W. PARRISH."

And then follows a certificate by the secretary that the persons who signed the ratification were the holders of two thirds of the capital stock.   The ratification was acknowledged before a proper officer.

It affirmatively appears that the recital in the clause of the mortgage above quoted, as to a resolution of the board of directors, is untrue.   The secretary, who was a witness for the plaintiff, testified as follows: "I was secretary at the time, and Robert Rauhut was authorized by the mortgagor to execute said mortgage; also, so were

the president and secretary authorized to execute it.' The authority was verbal. There was no resolution of the board of directors authorizing any one, either the president or secretary, or both, or said Robert Rauhut, to execute or deliver the mortgage; neither was the authorization in writing."

And there is no evidence to the contrary. Such being the case, it seems clear that even if it be assumed in favor of the respondent (for the purposes of this opinion only) that the execution was sufficient in form, the mortgage was void for want of authority from the company to execute it. Rauhut was not an officer of the corporation; and authority to execute an instrument required by law to be in writing could only be conferred upon him by a writing. (Civ. Code, sec. 2309.) His signature, therefore, may be dismissed from consideration. And even if his signature and the final clause of the mortgage can be rejected as surplusage, and the signatures of the president and secretary be taken as the signatures of the mortgagee, the difficulty as to the want of authority still meets us.

There is no corporate seal, and it affirmatively appears that there was no resolution of the board of directors. The president has not the power, by virtue of his office, to mortgage the property of the company (see generally *Bliss* v. *Kaweah C. & I. Co.*, 65 Cal. 502); nor has the secretary such power by virtue of his office (*Blood* v. *Marcuse*, 38 Cal. 594; 99 Am. Dec. 435); nor have both together the power which neither has separately; nor have the stockholders such power. (*Gashwiler* v. *Willis*, 33 Cal. 12; 91 Am. Dec. 607.) The powers of a corporation must be exercised, and its property controlled, by its board of directors (Civ. Code, sec. 305); the decision of a majority of the directors, "made when duly assembled," being valid as a corporate act. (Civ. Code, sec. 308.) The board must be "duly assembled." (*Harding* v. *Vandewater*, 40 Cal. 78.) And their transactions should

be recorded.   (Civ. Code, sec. 377; *Southern Cal. Ass'n* v. *Bustamente*, 52 Cal. 192.)   The directors when not acting as a board have not the necessary power.   (*Gashwiler* v. *Willis*, 33 Cal. 18; 91 Am. Dec. 607.)   The absence of a resolution of the board renders the instrument invalid.   (*Southern Cal. Ass'n* v. *Bustamente*, 52 Cal. 192.)

There is nothing to the contrary in the act of 1880 in relation to mining companies.   Section 1 of that act provides that "it shall not be lawful for the directors of any mining corporation to sell, lease, mortgage, or otherwise dispose of the whole, or any part, of the mining ground owned or held by such corporation, nor to purchase or obtain in any way any additional mining ground, unless such act be ratified by the holders of at least two thirds of the capital stock of such corporation. Such ratification may be made either in writing, signed and acknowledged by such stockholders, or by resolution duly passed at a stockholders' meeting called for the purpose."   (Laws 1880, p. 131.)

This provision does not dispense with action by the board.   It requires such action, but requires, in addition, the consent of the holders of two thirds of the capital stock.

We do not think that the subsequent levy by the directors of an assessment to pay the debt secured by the mortgage had the effect of rendering the latter valid.

The respondent makes some criticism upon the denials of the answer.   But plaintiff filed amendments to its complaint, alleging, among other things, the execution and delivery by the corporation of the mortgage; and the parties entered into a stipulation that "for all the purposes of the trial and determination of the rights of said parties in this action, the said amended answer shall be deemed, taken, and treated as a special denial and traverse of the said amendments to said complaint, the same as if a new and an additional answer had been made, and served and filed, denying the same specifically

as required by law." This was sufficient to put in issue the execution by the corporation of the said mortgage.

These views render it unnecessary to consider the other points made.

We therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.