[No. 13813.    Department One. — May 23, 1892.]

DAVID SALFIELD ET AL., APPELLANTS, *v.* THE SUTTER COUNTY LAND IMPROVEMENT AND RECLAMATION COMPANY, RESPONDENT.

RESCISSION OF CONTRACT OF SALE — AGENCY — UNAUTHORIZED SIGNATURE OF NAME OF CORPORATION — PLEADING. — A complaint in an action to set aside a writing, purporting to be a contract for the sale of land belonging to the corporation defendant, which alleges that certain real estate agents, who signed the contract in behalf of the corporation, pretended they had authority from the corporation, by written resolution of its trustees, to contract for the sale of its lands, but that in fact they had no such authority, and which sets out the contract *in hæc verba*, to which the corporate seal is not attached, states a cause of action, although it also alleges that the plaintiffs, before discovering the want of authority, paid a part of the purchase price, and that the corporation refused to return the amount paid upon demand of the plaintiffs, claiming the contract to be valid and binding, and had instituted suit against the plaintiffs to recover a balance due on the contract.

ID. — STATUTE OF FRAUDS — WRITTEN AUTHORITY OF AGENT — RECORD OF CORPORATION — RATIFICATION. — The authority of an agent to contract for the sale of land must be in writing, and a corporation can confer authority upon an agent to sell its lands only through its board of directors, when duly assembled, by resolution duly passed and recorded, and a ratification of such authority can only be made in the same manner required for the conferring of original authority.

ID. — RATIFICATION BY ACTS IN PAIS. — The acts of the corporation in accepting money paid it under the terms of the agreement, and in commencing suit to recover money due by its terms, did not amount to a ratification of the contract.

ID. — ELECTION TO AVOID CONTRACT. — As the corporation not having authorized or ratified the contract for the sale of its land by written resolution could elect not to be bound by it, the same privilege must be given to the purchaser.

ID. — PART PERFORMANCE OF ORAL AGREEMENT. — The payment of part of the purchase-money is not sufficient part performance to authorize the specific enforcement of an oral agreement to convey land.

ID. — POSSESSION IN PART PERFORMANCE — PLEADING — ANTICIPATION OF DEFENSE. — A complaint for a rescission of an unauthorized contract, in writing, for the sale of land, is not bound to anticipate a possible de-

fense that an oral contract was partly performed by taking possession, in connection with payments on purchase-money, and need not negative the fact of such possession.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Otto tum Suden,* for Appellants.

*Gordon & Young,* for Respondent.

TEMPLE, C. — Plaintiffs appeal from judgment entered on demurrer to their complaint.

The action is to have declared void a certain writing purporting to be an agreement for the sale of land. The complaint avers that Gaman & Lyon pretended that they had authority from the corporation defendant to contract for the sale of its lands; that, relying upon such representations, the plaintiffs did, on the third day of April, 1888, agree with said Gaman & Lyon, as agents, to purchase certain lots owned by defendant, and entered into a contract, in writing, to that effect, which purported to be executed by the defendant, through the said pretended agents, and which was signed as follows: —

"In witness whereof, the said party of the first part hath, by a resolution of its board of directors, duly passed, authorized its agents, Gaman & Lyon, of 330 Kearny Street, San Francisco, and Sutter City, California, to affix its name hereto, and they and the said parties of the second part have hereunto set their hands and seals the day and year first above written.

"SUTTER Co. LAND IMPROVEMENT AND RECLAMATION
       COMPANY, by GAMAN & LYON, Agents.   (G. & L.)
"DAVID SALFIELD.   (D. S.)
"HERMAN KOHLBERG.   (H. K.)"

Nevertheless the corporation never authorized Gaman & Lyon, either personally or as copartners, to execute the agreement, or any agreement, for the sale of said

lands; but plaintiffs did not discover such want of authority until June 7, 1889, and had in the mean time paid to the defendant $470, on account of principal and interest due on the contract.

June 7, 1889, after discovering that Gaman & Lyon had no authority in the premises, plaintiffs demanded from the corporation the return of the said $470, which the defendant refused to do, but on the contrary, claims that the contract is valid and binding on the plaintiffs, and has commenced suit against the plaintiffs in the justice court to recover $112.13 for interest which has accrued on the contract.

The contract which is set out in the complaint *in hæc verba* authorized the plaintiffs to take immediate possession, and provided, in case one or more lots were sold by the vendees, and the *pro rata* portion of the purchase price were paid to the corporation, it would execute deeds for such lots to the purchasers.

There is no averment as to whether possession was taken or lots were sold, and of course, no offer to redeliver or place the alleged vendor *in statu quo.*

The demurrer was simply that the complaint does not state facts sufficient to constitute a cause of action.

The contract does not purport to have attached to it the corporate seal, and it does not appear that Gaman & Lyon, or either of them, held such official position in the corporation as would raise a presumption that they were authorized to contract for the corporation in regard to anything. The complaint plainly avers that they had no authority to sell the land or to execute the contract. Under such circumstances, the laboring oar must be with the respondent. Its real claim is, that the contract has been ratified by the corporation according to the allegations of the complaint: 1. By the receipt on the part of the corporation of $470, paid under the terms of the agreement, which plaintiffs seek to have declared void; and 2. By commencing suit to recover money due by the terms of the agreement.

This being a contract for the sale of land, it was

necessary that the authority of the agent should be in writing. (Civ. Code, sec. 2309.) The defendant, being a corporation, could only act in this matter through its board of directors, when duly assembled, by resolution duly passed and recorded. (Civ. Code, secs. 305, 308, 377; *Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am: Dec. 607; *Harding* v. *Vandewater*, 40 Cal. 78; *Southern Cal. Ass'n* v. *Bustamente*, 52 Cal. 192; *Alta S. M. Co.* v. *Alta Placer M. Co.*, 78 Cal. 629.)

Section 2310 of the Civil Code provides that when the adoption of a particular form or mode is necessary to confer authority, ratification can only be made in the same manner, "or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof."

The supposed acts of ratification do not conform to the requirements of the code.

It is said, however, that the plaintiffs show that they have partly performed the contract by making payment of a part of the purchase-money, and therefore, since they may insist upon it, the respondent can. But in *Forrester* v. *Flores*, 64 Cal. 24, this court approved the following statement: " By an unbroken current of authorities running through many years, it is settled too firmly for question, that payment, even to the whole amount of the purchase-money, is not to be deemed part performance so as to justify a court of equity in enforcing the contract."

It is also contended that the contract authorizes the plaintiffs to take immediate possession, and it is not shown that they have not done so, therefore there may be other acts in part performance. As the assumed contract was no contract, plaintiffs were not authorized to take possession; but if the contract could be validated by part performance, it is incumbent upon the party claiming the benefit of such acts to aver them. Plaintiffs were not required to negative a possible defense.

The question is not, however, as to whether an oral contract for the sale of land can be enforced, but whether

what purports to be a written contract of a corporation is so in fact.

No doubt the corporation might have ratified it before the plaintiffs signified their intention not to be bound thereby, but so far as the averments of the complaint show, they did not do so. As the corporation could have elected not to be bound, the same privilege must be accorded the plaintiffs.

The judgment should be reversed, and the court below directed to overrule the demurrer.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the court below directed to overrule the demurrer.