[No. 14655.    Department Two. — August 30, 1892.]

J. H. SMITH, RESPONDENT, *v.* D. S. DORN ET AL., APPELLANTS.

<div style="float:right">

| 96 | 73 |
|----|----|
| 117 | 58 |
| 96 | 73 |
| a130 | 348 |

</div>

PLEADING — AMENDMENT — INSERTING SIGNATURE OF ATTORNEY — HARMLESS ACTION OF COURT. — Where the court allows an attorney to insert an omitted signature to an amended complaint to which an answer has been filed, it seems that the defendant is not entitled as of right to demur or answer anew to the complaint as thus amended; but whether erroneous or not, the action of the court in refusing a motion for leave to file such demurrer or answer does not prejudice any substantial right of the defendant, if an amended answer is in fact filed before evidence is introduced, and the case is tried thereupon.

CORPORATIONS — ACTION BY STOCKHOLDER — SETTING ASIDE FRAUDULENT SALE OF CORPORATE PROPERTY — PLEADING — SPECIFICATIONS OF FRAUD — FALSE RECITAL AS TO INSOLVENCY — EVIDENCE. — In an action by a stockholder of a corporation to set aside a sale of the corporate property by the directors upon the ground of fraud, where the resolution authorizing the sale of the property and the deed made in pursuance thereof recited that the sale was made because the corporation was greatly indebted, and had no means to pay its debts, it is proper that the complaint should negative such recitals, and aver an ability upon the part of the corporation to meet the indebtedness, as specifications of constituent parts of the fraud charged, and if these averments are denied in the answer, the issues thus raised are material, and evidence relevant thereto is properly admitted.

ID. — DEMAND UPON CORPORATION — FRAUD OF DIRECTORS — USELESSNESS OF DEMAND. — Where it is alleged in the complaint in such action that the majority of the directors participated and assisted in the acts complained of, and have ever since controlled the action of the board, and that it would therefore be useless to make a demand upon the corporation or the directors to bring the action, which allegations are not denied, and the answer of the corporation shows that any demand upon it or upon its directors would have been useless, no demand is necessary to be alleged or shown.

Id. — Special Meeting of Directors — Call Contrary to By-laws — Illegal Meeting — Void Conveyance of Corporate Property. — Where the by-laws of a corporation relating to the manner of calling special meetings of the board of directors provide that the meetings shall be called by special notice, and that such notice shall "be given upon the order of the president, or if there be none, on the order of two directors," a meeting called by two directors, while there is a president competent to act, merely because of the refusal of the president to call the meeting, is illegal, and the action of the directors at such meeting in authorizing a conveyance of the property of the corporation is void, they not having been lawfully assembled as a board to authorize such conveyance.

Id. — Due Assembling of Directors — Validity of Corporate Act. — No decision or act of the board of directors of a corporation, made or done while not duly assembled as a board, is a valid corporate act.

Id. — Defect of Parties — Directors Charged with Fraud — Waiver of Objection. — An objection that there is a defect of parties defendant, in that the directors who were charged with fraud as being interested in the sale sought to be annulled should have been made parties defendant, is waived by a failure of the defendants to raise it by demurrer or answer.

Appeal from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Charles N. Fox*, for Appellants.

Until signed the complaint did not constitute a pleading in the cause. (Code Civ. Proc., sec. 446; *Dixey* v. *Pollock*, 8 Cal. 572.) The complaint having been amended, the defendants were entitled under the law to time to demur or answer thereto. (Code Civ. Proc., sec. 432; *Thompson* v. *Johnson*, 60 Cal. 292; *Morton* v. *Bartning*, 68 Cal. 306.) The action should have been brought in the name of the corporation, and not by a stockholder in his own name, as it was not shown that the corporation refused to bring the action, or that application to the corporation to bring the suit would have been useless. (*Cogswell* v. *Bull*, 39 Cal. 320; *Bacon* v. *Irvine*, 70 Cal. 221.) There was no showing of a case which would entitle plaintiff to maintain the action in his own name. (*Hawes* v. *Oakland*, 104 U. S. 450.) The legal presump-

tion is that the directors were innocent of wrong. (Code Civ. Proc., sec. 1963.) Their acts are subject to the same presumptions as the acts and dealings of private individuals. (*Bank of U. S.* v. *Dandridge*, 12 Wheat. 64.) And they are entitled to the benefit of the rule which imputes innocence rather than wrong to the actions of men. (*C. C. Bank* v. *Risley*, 19 N. Y. 369; *De Grooff* v. *Am. L. & T. Co.*, 21 N. Y. 124.) These directors charged with fraud were necessary parties defendant in the action, and should have been made such, and given a right to be heard on the allegations of fraud made against them. (*Reed* v. *Goldstein*, 53 Cal. 296; *French Bank Case*, 53 Cal. 551.)

*Rolfe & Freeman, Paris & Fox,* and *W. J. Curtis,* for Respondent.

The court did not err in allowing the amended complaint to be signed. (See *Arrington* v. *Tupper,* 10 Cal. 464; *Lattimer* v. *Ryan,* 20 Cal. 628.) As the parties went to trial without objecting to the pleading, they waived the objection. (*McCullough* v. *Clark,* 41 Cal. 298; *San Francisco* v. *Itsell,* 80 Cal. 57.) The failure to sign the complaint was not ground for demurrer. (Code Civ. Proc., sec. 430.) As it was useless for the plaintiff to apply to the directors to institute the action, it was properly brought by a stockholder. (*Moyle* v. *Landers,* 83 Cal. 579; *Ashton* v. *Dashaway Ass'n,* 84 Cal. 70.) The board not being legally convened, the directors could not authorize the sale or anything else as a corporate act. Conferring authority to sell and convey or mortgage corporate property is the exercise of corporate power, and can be exercised by the trustees (directors) only when duly assembled as a board. (*Gashwiler* v. *Willis,* 33 Cal. 11; 91 Am. Dec. 607; *Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 596; 99 Am. Dec. 300; *Alta Silver M. Co.* v. *Mining Co.,* 78 Cal. 629.) The board of directors must be " duly assembled " to perform corporate acts. (*Alta Silver M. Co.* v. *Mining Co.,* 78 Cal. 629; Civ. Code, sec. 308.)

VANCLIEF, C. — The Southern California Motor Road Company is a corporation organized in this state, which, on April 15, 1890, owned a railroad leading from the city of San Bernardino to the city of Riverside, in the county of San Bernardino, in this state, with equipments and other real and personal property.

At a specially called meeting of its directors, held on the fifteenth day of April, 1890, it was resolved to sell the road and equipments, with all other property of the corporation, to the defendant D. S. Dorn; and accordingly, on the same day, a deed was executed to Dorn, purporting to convey to him all the roads, franchises, rights of way, equipments, lands, and personal property of the corporation, including all debts owing and money belonging to the corporation; and possession of all the tangible property was then given to Dorn.

The plaintiff, as a mere stockholder of the corporation, brought this suit to set aside and cancel the deed to Dorn on the grounds of fraud, and that the special meeting of the board at which the sale of the property is claimed to have been authorized was not called according to law, and therefore that the directors who acted at that meeting were not lawfully assembled as a board.

Judgment was rendered in favor of the plaintiff, and the defendants have appealed from the judgment, and from an order denying their motion for a new trial.

1. When the case was called for trial, and after the amended complaint and the answer thereto had been read, plaintiff's counsel discovered that the amended complaint had not been signed by plaintiff or his attorney, and thereupon asked leave to sign the same, to which counsel for defendants objected, except on the condition that defendants should be allowed to demur to the complaint as thus amended. The court overruled the objection. Counsel for defendants then asked leave to answer or demur to the complaint as signed by counsel, but stated no other ground for their motion than that the signing of the complaint was an amendment thereof, without which it would have been totally in-

valid, and therefore that defendants had a legal right to answer it anew. The court denied this motion. Counsel for appellants contend that this action of the court was error, for which the judgment should be reversed.

While I think the court did not err, it is enough to say that its action did not affect any substantial right of the defendants, and that defendants were not thereby injured. (Code Civ. Proc., sec. 475; *Lattimer* v. *Ryan*, 20 Cal. 630.) After the close of plaintiff's evidence in chief, the defendants, by leave of the court, did file an amended answer to plaintiff's amended complaint before they introduced any evidence whatever; and upon this amended answer the case was tried.

2. The resolution authorizing the sale of the corporate property to Dorn recited, among other things, that the corporation is indebted in the sum of about fifty thousand dollars, in addition to its bonded indebtedness of one hundred and fifty thousand dollars, and "is unable to meet the same, and has no prospects of being able to liquidate said demands from its own resources"; and the deed to Dorn, which is set out in the complaint, contains substantially the same recitals. The complaint negatives these recitals by an allegation "that it is not true that said corporation had no means at its command to meet said outstanding indebtedness, as stated in said instrument of conveyance to defendant D. S. Dorn"; and then proceeds to show that for the purpose of paying said indebtedness the corporation had previously levied an assessment amounting to $31,350, which must have been paid or the delinquent stock sold on the sixteenth day of April, 1890 (the day after the execution of the deed to Dorn); and that the owners of a majority of the stock were ready, able, and willing to pay that assessment, and would have paid it on April 16, 1890, if the assessment had not been repealed and annulled as it was by a resolution of the directors at said special meeting of April 15th. And further alleged that the delinquent stock would have been sold on April 16th, so that the full amount of the assessment would have been paid and ap-

plied to the debts of the corporation. And also alleged that no sale of the property of the corporation was necessary for the payment of corporation debts, as all such debts could and would have been paid by means of assessments on the stock, etc.

All these allegations were denied by the defendants in their amended answer.

Each of several distinct questions asked witnesses for plaintiff, pertinent to the issues thus taken upon these allegations, was objected to by counsel for defendants, on the ground that it was "irrelevant and immaterial to any of the issues in this cause." Appellants insist that the court erred in overruling these objections.

The questions certainly were relevant to issues expressly raised by the answer of defendants, and I think those issues were material. The recitals in the resolution authorizing the sale of all the property of the corporation, and in the deed to Dorn, were evidently intended to justify or excuse that sale, on the ground that the debts of the corporation could not otherwise be paid, and to repel any imputation of bad faith to those directors who passed the resolution authorizing the sale. Under these circumstances, after having properly set out the deed in his complaint, it was proper and material that the plaintiff should negative those recitals, and aver that the debts of the corporation could and would have been paid by assessments and other means than by a sale of all the corporate property. These averments of the circumstances under which the sale was ordered were proper specifications of constituent parts of the fraud charged. Fraudulent acts are generally characterized as such by circumstances which are required to be specially alleged in a pleading charging the fraud.

3. It is contended for appellant that, as a mere stockholder, plaintiff is not entitled to maintain this action, because it does not appear that he ever sought or demanded a remedy for the wrongs complained of through the board of directors.

But it is alleged in the complaint that the board con-

sisted of seven members, four of whom participated and assisted in the acts complained of, and have ever since controlled the action of the board, "and therefore it would be useless to make a demand of said corporation, or of the board of directors thereof, to bring this action or any action to set aside the instruments or pretended conveyance to the said D. S. Dorn"; and these allegations are not denied. Besides, the answer of the corporation shows that any demand upon it or upon its controlling directors for the remedy sought by this action, or any remedy for the wrongs alleged, would have been useless. Therefore, no such demand was necessary. (*Parrott* v. *Byers*, 40 Cal. 620; *Moyle* v. *Landers*, 83 Cal. 580; *Ashton* v. *Dashaway Ass'n*, 84 Cal. 70.)

4. It is claimed that several of the findings of fact are not justified by the evidence, particularly the seventh finding, which is as follows: "That R. W. Button and E. J. Gilbert, who executed the instrument of conveyance referred to in the pleadings to the defendant D. S. Dorn, as president and secretary respectively of said corporation, had not nor had either of them any power or authority to execute the same, nor to sell or convey the property of said corporation."

This finding necessarily results from probative facts found by the court, or admitted by the pleadings: 1. It is admitted that Button and Gilbert had no other authority to sell the property of the corporation than such as was conferred by the resolution of the special meeting of directors held on April 15, 1890. 2. The only by-law of the corporation providing the manner of calling special meetings of the board of directors is, in substance, nearly identical with section 320 of the Civil Code, as follows: "All special meetings of the directors shall be called by special notice in writing to each director, either delivered in person one day before the time of meeting, or deposited in the United States post-office at San Bernardino, postage prepaid, addressed to the directors at their last known places of residence or post-office address, two days before the time of meeting. Such notice shall

be given upon the order of the president, or if there be none, on the order of two directors, by the secretary, or by any person or persons selected by the president or directors calling such meeting." 3. At the time said special meeting was called, and at the time it convened, the board of directors was composed of seven members, viz., J. W. Hall, Joseph Brown, R. B. Taylor, R. W. Button, H. W. Button, S. H. Ferris, and Wilson Hays. At the same times, Hall was president of the board, Brown was vice-president, and J. N. Young was secretary. 4. On or about April 12, 1890, director R. W. Button successively requested the president, the vice-president, and the secretary to call a special meeting of the board, but did not state to either of them for what purpose, nor any reason for calling such meeting. Each of these officers declined to make the call requested. Thereupon the two directors — R. W. Button and H. W. Button — called a special meeting for April 15th, at 10 o'clock, A. M., at the office of the company, and served written notice thereof on each of the other directors; but the notice did not state any purpose for which the meeting was called. 5. On April 15th, at the appointed time, four directors, viz., the two Buttons, Ferris, and Hays, met and proceeded to business in the absence of the other three, and also in the absence of the secretary, and without the minute-book of the board. They first passed resolutions declaring the offices of president, vice-president, and secretary vacant, and elected R. W. Button, president, Ferris, vice-president, and E. J. Gilbert, secretary. They next resolved that a former order of the board of February 28, 1890, levying an assessment on stock, "be and the same is hereby repealed and annulled." At this point the following entry appears in the minutes of the meeting: "The hour having arrived for the meeting of the stockholders, the directors' meeting did, on motion, suspend until after the said stockholders' meeting." The only business which appears to have been done by this stockholders' meeting was the adoption of a resolution purporting to ratify the action

of the directors in declaring the offices of president, vice-president, and secretary vacant; and in filling the vacancies as above stated. 6. At 3 o'clock, P. M., of same day, and after the adjournment of the stockholders' meeting, the directors reconvened. At this time the directors Hall, Brown, and Taylor were present in the office attending to other business, but took no part in the business of the directors' meeting, except to protest against the whole proceedings thereof. The only business transacted at this afternoon meeting of directors was the adoption of the resolution purporting to authorize the sale of all the property of the corporation to the defendant D. S. Dorn, of which the following is a copy: —

" Whereas, this corporation is largely indebted to various persons outside of any indebtedness which may be claimed to exist against this company by reason of any issue of bonds of the corporation heretofore made; and whereas, said outside indebtedness will aggregate in the neighborhood of not more than fifty thousand dollars;

" And whereas, the corporation is unable to meet the same, and has no prospects of being able to liquidate said demands from its own resources;

" And whereas, D. S. Dorn has agreed to assume said indebtedness outside of said bonded indebtedness as aforesaid, on the execution to him of a conveyance and grant of all the property in this corporation;—

" Now, therefore, resolved, that this corporation execute to said D. S. Dorn, upon his executing to this company a written assumption of the indebtedness of this corporation to the extent and as heretofore set forth, a written grant, conveyance, and transfer absolute in fact and in terms, of all property, real and personal, choses in action, franchises, and demands of this corporation, and the president of this corporation, R. W. Button, is hereby authorized to execute such conveyance and transfer, which shall bear date April 15, 1890."

It seems clear that the directors were not lawfully assembled as a board at the time they adopted this resolu-

tion; and that for this reason the court properly found that the resolution was not a corporate act, and did not confer upon R. W. Button or E. J. Gilbert power or authority to convey the property of the corporation to the defendant Dorn.

While there was a president of the board competent to act, the directors (Button) had no authority to call the meeting at which the resolution was adopted, this being the effect of both the by-law and section 320 of the Civil Code. The assumptions of counsel that it was the duty of the president to call a meeting whenever requested to do so by a director, and that the president's refusal, under any circumstances, to comply with such request makes it lawful for any two directors to make the call, are unwarranted by authority or reason. Neither the by-law nor the code will bear this construction. The bare delegation of power to make the call implies that the exercise of the power shall be discretionary. Whether there may be a remedy for an abuse of this discretionary power is not involved, since there is no evidence of such abuse in this case. It appears that the president was not informed of any reason why the call should be made.

Section 303 of the Civil Code provides that " a corporation may, by its by-laws, where no other provision is specially made, provide for, — 1. The time, place, and manner of calling and conducting its meetings." If the by-law in this case is not valid, it is only because another provision to the same effect is made by section 320 of the Civil Code, as to the applicability and authority of which there can be no question. (Beach on Corporations, sec. 308.)

Section 308 of the Civil Code provides that " a majority of the directors is a sufficient number to form a board for the transaction of business, and every decision of a majority of the directors forming such board, made when duly assembled, is valid as a corporate act." And it follows that no decision or act made or done by any number of the directors while not duly assembled as a

board is a valid corporate act. (*Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543–596; 99 Am. Dec. 300; *Alta S. M. Co.* v. *Mining Co.*, 78 Cal. 629; *Thompson* v. *Williams*, 76 Cal. 153; 9 Am. St. Rep. 187; *San Buenaventura Mfg. Co.* v. *Vassault*, 50 Cal. 534; *Reilly* v. *Oglebay*, 25 W. Va. 36; Beach on Corporations, secs. 272, 273; Spelling on Corporations, sec. 392.)

The evidence is clearly sufficient to justify all other findings excepted to.

5. It is claimed that there was a defect of parties defendant, — that those directors who were charged with fraud, as being interested in the sale sought to be annulled, should have been made parties defendant. But as this point was not made by demurrer nor by answer, it must be deemed to have been waived. Besides, the defense by the corporation was conducted and controlled by those directors who were charged with fraud; and they were at liberty to make every defense, on behalf of the corporation, to the charge of fraud which they could have made if they had been parties. But however this may be, the judgment of the court does not depend upon a finding of fraud. It is well sustained by the finding that Button and Gilbert had no authority to execute the deed to Dorn; and indeed, there is no finding of fraud as an ultimate fact.

I think the judgment and order should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.

Hearing in Bank denied.