[S. F. No. 482.    Department One.— May 21, 1897.]
MARY E. BARNEY et al., Appellants, v. JOHN
PFORR, Respondent.

Corporations — Deed without Corporate Seal— Evidence of Author-
ITY Essential.—To support the deed of a corporation which is with-
out a corporate seal, it is incumbent upon the party relying upon it
to show affirmatively that it was executed by authority of a resolu-
tion of the board of directors entered on the records of the corpora-
tion, or that it was ratified by such a resolution.
Id.—Deed Sealed by Trustees—Insufficient Proof of Ratification—
Delivery of Deed—Receipt of Consideration—Delivery of Pos-
session.—Where the deed purports to be sealed by the private seals
of the trustees of the corporation, for the alleged reason that the cor-
poration has no seal, ratification, in the absence of record proof of
authority for the deed or ratification thereof, cannot be inferred
from the delivery of the deed, from the receipt of the consider-
ation, and from delivery of possession to the grantee, where there is
no proof that the persons who executed the deed were trustees of
the corporation, and no proof that any consideration was received by
the corporation, which cannot be presumed from a recital in the deed
which was not shown to have been executed by the corporation, and
where it appears that the grantees were already in possession of the land
as squatters, and there is no proof and there is no evidence that any
possession was delivered or accepted from the corporation.

Appeal from an order of the Superior Court of the
City and County of San Francisco, denying a new trial.
J. M. Seawell, Judge.

The facts are stated in the opinion.

Blake & Harrison, for Appellants.

Here the trustees of the corporation acted unani-
mously, and the authority in such case need not be
proved by corporate records.   (Eureka etc. Co. v. Bailey
etc. Co., 11 Wall. 488; Bank of United States v. Dandridge,
12 Wheat. 68.)   Another than the corporate seal is valid,
when used with the assent of the directors.   (Bank of
Middlebury v. Rutland etc. R. R. Co., 30 Vt. 159; Mill
Dam Foundery v. Hovey, 21 Pick. 417.)   There was rati-
fication by the trustees unanimously in delivering the
deed, receiving the consideration, and placing the
vendees in possession, and such ratification is equiva-

lent to previous authority. (Civ. Code, sec. 2307; *Allis* v. *Jones*, 45 Fed. Rep. 148; Angell and Ames on Corporations, sec. 304.)

*Edward J. Pringle*, for Respondent.

There was no proof that the persons named were trustees of the corporation, or had ever acted as such, and there was no presumption or proof of authority to execute the deed. (*Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Southern Cal. Col. Assn.* v. *Bustamente*, 52 Cal. 192; *Alta Silver Min. Co.* v. *Alta Placer Min. Co.*, 78 Cal. 632, 633; *Salfield* v. *Sutter County etc. Co.*, 94 Cal. 546; *Smith* v. *Dorn*, 96 Cal. 82, 83; *Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 39, *et seq.*) There was no ratification of the deed. Late and well-considered decisions of this court dispose of the question of ratification, distinguishing clearly between ratification and estoppel. (*Blood* v. *La Serena Land & W. Co.*, 113 Cal. 221; *Salfield* v. *Sutter County etc. R. Co.*, 94 Cal. 548, 549.) There was no proof of estoppel nor of receipt of consideration by the corporation, nor of any act on its part.

SEARLS, C.—This is an action of ejectment to recover possession of a parcel of land in the southerly part of the city and county of San Francisco.

Defendant denied the title of plaintiffs, and pleaded the bar of the statute of limitations as provided by sections 318 and 319 of the Code of Civil Procedure.

At the trial a nonsuit was granted on motion of defendant, and plaintiffs appeal from an order of the court denying their motion for a new trial.

The question involved turns upon the propriety of a ruling of the court excluding a deed of conveyance of the property in question by the Islais and Salinas Water Company (a corporation) to Henry B. Potter and Abel Wade, dated January 2, 1861.

Plaintiffs claimed under said Potter and Wade. A like deed from the same grantor to Charles Mayne was the subject of a like ruling, but, as the deed first indi-

cated presents the question fully, further mention of the Mayne deed is unnecessary.

The deed to Potter and Wade describes the grantor as follows: "The Islais and Salinas Water Company, a corporation duly formed under the laws of the state of California, having its principal place of business in the city and county of San Francisco, of the first part," etc.

The deed continues in the usual form, and, after the habendum clause, closes as follows:

"In witness whereof, the said party of the first part hath caused these presents to be signed with its corporate name by Francis L. A. Pioche, Henry A. Cobb, and Cornelius De Boom, the trustees of said corporation, and to be sealed by said trustees with their respective private seals (said corporation having no common seal), at the city and county of San Francisco, the day and year first above written."

[Signed] "THE ISLAIS AND SALINAS WATER COMPANY,

By    "F. L. A. PIOCHE,    [Seal] ⎫
      "H. A. COBB,    [Seal] ⎬ Trustees."
      "C. DE BOOM,    [Seal] ⎭

Proof was made that the corporation grantor had three trustees, but there was no proof that the parties signing the deed were such trustees, nor was there any authority shown from the corporation to anyone to make the sale or to convey the land; nor was there any resolution ratifying such conveyance.

To support the deed of a corporation, which, as in this case, is without a corporate seal, "it is incumbent on the party relying on it to show affirmatively that it was executed by authority of a resolution of the board of directors entered on the records of the corporation, or that it was ratified by such resolution." (*Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 39; *Smith* v. *Dorn*, 96 Cal. 73; *Salfield* v. *Sutter County etc. R. Co.*, 94 Cal. 546; *Alta Silver Min. Co.* v. *Alta Placer Min. Co.*, 78 Cal. 629; *Southern Cal. Col. Assn.* v. *Bustamente*, 52 Cal. 192;

*Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607.)  These
cases establish the doctrine enunciated in the above
quotation so firmly that further elaboration is deemed
unnecessary.

Appellant claims that, conceding there was not suf-
ficient authority shown from the corporation to the per-
sons who executed the deed to convey, there was a
ratification, as is shown by the delivery of the deed by
the trustees, receipt of the consideration, and placing
the vendees in possession.  The infirmity of this argu-
ment is: 1. There is no proof that the persons who
executed the instrument were trustees of the corpora-
tion; 2. There is no proof that any consideration was
ever received by the corporation, except as recited in
the deed, and, as that was not executed by the corpora-
tion, no presumption arises that it received any consid-
eration; 3. Wade and Potter are shown to have been
squatters as early as 1853 upon the land in dispute, with
a large area in addition, amounting probably to three
hundred acres, and there is no evidence that any pos-
session of any of the land was delivered to or accepted
by them from the corporation, grantor in the disputed
deed.  The case falls far short of showing a ratification
by the corporation of the conveyance to Wade and Pot-
ter.

Aside from the deeds, which were properly excluded,
the evidence failed to show a possession in plaintiffs
sufficient to support ejectment.

We recommend that the order appealed from be af-
firmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the
order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.