[Civ. No. 3911. Third Appellate District.—January 4, 1930.]

## W. H. DAUM, Appellant, v. WEBER SHOWCASE & FIXTURE COMPANY (a Corporation), Respondent.

Spencer Thorpe and Roane Thorpe for Appellant.

Lowenthal, Collins & Lowenthal and Victor Ford Collins for Respondent.

PULLEN, J., *pro tem.*—This is an action for the recovery of a broker's commission claimed to be due under the terms of a written instrument. Judgment was rendered against the plaintiff, who appeals. The instrument in question was signed by W. H. Daum, appellant herein, and Weber Showcase & Fixture Company, by Fred Weber,

wherein appellant was appointed exclusive representative to sell certain real property, and the Weber Showcase & Fixture Company, a Delaware corporation, agreed to refer all inquiries regarding sale of the property, to Daum, for negotiations, and that if sale, lease or disposition of the property were made and accepted by the corporation during the term or continuance of the agreement, the corporation agreed to pay a specified commission therefor. It was further stipulated that the agreement was to remain in full force until February 1, 1923, and thereafter until canceled by either party giving thirty days' notice in writing. It is admitted that notice of termination was given by the corporation on February 27, 1923, and became effective thirty days thereafter. Appellant urges as a ground for reversal that the agreement was binding upon the parties, and that the corporation, during the life of the agreement, failed to refer to him for negotiations all inquiries received by it, but that the respondent negotiated a lease itself, and is therefore liable to appellant for the commissions provided. The court found: "That no sale, lease or disposal of the property was made or accepted by the defendant during the term or continuation of the agreement of July 24, 1922; that when the lease of October 30, 1923, was made, the agreement of July 24, 1922, was in all respects terminated and canceled, and of no force and effect." And also: "The court finds that there was no fraud upon the part of the defendant in negotiating with the said C. W. Nibley; that no agreement as to the matter of leasing said property was reached between the said C. W. Nibley and the said defendant until after the termination of the agreement between the defendant and the plaintiff." Appellant directs a portion of his argument and considerable testimony was taken to show that negotiations were had during the life of the agreement but determinative of the question here raised is that the agreement in question is not the instrument of Weber Showcase & Fixture Company, a corporation.

The complaint sets forth, in legal effect, the agreement sued upon, and the answer of the corporation denies that it executed the particular instrument set forth, and it thereupon became essential to plaintiff's cause of action

to prove the identity and validity of the instrument so relied upon.

At the time of the execution of said agreement there was no written agreement, memorandum or minutes of the corporation authorizing Fred Weber to execute said agreement or to sign the name of the corporation, Weber Showcase & Fixture Company, thereto (sec. 2309, Civ. Code), and a corporation can confer authority upon an agent for that purpose only through its board of directors acting as such by resolution duly passed and recorded, and a ratification of such an act by an agent can be made only in like manner. (*Salfield* v. *Sutter etc. Land Co.*, 94 Cal. 546 [29 Pac. 1105].)

It appearing that the power and authority to be conferred by the agreement falls within the inhibitions of section 1624 of the Civil Code, and section 2309 of the Civil Code, plaintiff cannot maintain his position, and the judgment is affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.