No. 2,499.

JOHN PARROTT *et al.*, RESPONDENTS, *v.* JAMES D. BYERS *et al.*, APPELLANTS.

CORPORATION.—SUIT BY STOCKHOLDERS AGAINST TRUSTEES.—PLEADING.—In an action by stockholders against the trustees of a corporation, an averment in the complaint, that the defendants are *"the* duly elected trustees of said company," is equivalent to an averment that they are the only trustees.

IDEM.—A denial in the answer that the relation of trustee, and *cestui que trust*, exist between the parties, dispenses with the necessity of averring in the complaint, or proving a prior demand and refusal.

IDEM.—PRACTICE.—In an action by the stockholders against the trustees of the corporation, the question before the Court relates to the rights of the plaintiffs, as they stood at the commencement of the action, and it is no defence for the defendants that the plaintiffs might have elected a new board of trustees.

IDEM.—MISNOMER.—In an action for an injunction to stay waste, or the asserting of a hostile title by the defendants, and for an accounting, and the relief granted is limited to the injunction prayed for, the fact that a party, only necessary to that branch of the case which relates to the accounting, was sued by a wrong name, does not operate to the prejudice of the defendant and is immaterial.

IDEM.—ESTOPPEL.— The trustees of a corporation, who signed the certificate of incorporation, and accepted the office of trustees, are estopped from denying the validity of the act of incorporation.

IDEM.—TRANSFER OF STOCK.—A transfer of stock which has not been entered on the books of the company as provided by the statute, is nevertheless valid as against all the world, except a subsequent purchaser in good faith without notice.

IDEM.—PRACTICE.—When a suit is brought by several stockholders against the trustees of a corporation, the proof that either one of the plaintiffs is a stockholder is sufficient to maintain the action.

IDEM.—TITLE.—PRIOR POSSESSION.—The prior possession by the corporation, of the ground in controversy, and the entry into the occupation by the defendants as trustees of the corporation, is sufficient evidence of title to support a judgment in favor of the stockholders.

EVIDENCE.—PRACTICE ON APPEAL.—When an exhibit to a deposition is objected to when produced by the witness, and the objection noted in the deposition, but there is nothing in the records to show that the objection was renewed at the trial, or passed upon by the Court below, it cannot be raised for the first time on appeal.

APPEAL from the District Court of the Second District, County of Plumas.

The case is stated in the opinion.

*Vanclief & Gear,* for Appellants.

*First*—The complaint of plaintiffs shows no cause of action in their favor. It contains no allegation of demand upon the corporation, or refusal by it to institute the action in its own name; it therefore shows no equity in favor of the plaintiffs, and is fatally defective. The cause of action for injury to the corporate property, is a cause of action in favor of the corporation, and not in favor of the stockholders, and no stockholder can sue upon such cause of action unless he make it affirmatively appear that the corporation fraudulently refuses to protect its rights. (*Coggswell* v. *Bull,* 39 Cal. 320; *Gardner* v. *Pollard,* 10 Bosworth, 677, 692, 693.)

That the legal title to corporate property is in the corporation, and not in the stockholders, and that redress for injuries thereto must be sought by and through its action alone, if such action is possible to be obtained, is elementary law. (*Smith* v. *Hurd,* 12 Metcalf, 383; *Abbott* v. *Merriam,* 8 Cush, 590; *Hersey* v. *Veasie,* 24 M. 9; *Allen* v. *Curtis,* 26 Conn. 457; *Gorham* v. *Gilson,* 28 Cal. 484.)

It is no answer to our position for respondents to contend that the exception to this general rule, which allows a stockholder to sue in his own name upon an allegation of demand upon and refusal by the corporation to institute the action, is itself subject to an exception where it appears that the corporation is controlled by the defendants

charged with misfeasance. It is doubtful whether there be such an exception to the exception; but if there be, plaintiffs cannot claim the benefit of it, for they have not averred themselves within it, there being no allegation in the complaint as to what number of trustees the corporation defendant has under its charter, or that those made defendant constitute the whole or a majority of the Board. (*Coggswell* v. *Bull*, 39 Cal., 320.)

The Court cannot see from the complaint of what number the Board of Trustees of the Washington Quartz Mining Company consists, or that defendants, Byers, Nave and Elwell, are a majority of said Board, or that there may not be a perfect remedy for the injuries complained of through the action of the corporation; and beyond this utter want of equity in the plaintiffs' bill it is unnecessary for us to go.

For aught that appears upon the face of the bill, every shareholder in the Washington Quartz Mining Company may be one of its trustees, and the plaintiffs themselves may constitute or comprise among their number an overwhelming majority of the Board, for the law establishes no limit to the number of trustees of a mining corporation, except that it shall not be less than three. (1 Hittell's Laws, Art. 936; *Foss* v. *Harbottle*, 2 Hare's Ch. 498.)

*Second*—The finding that there has never been an election of trustees since October, 1855, by said corporation, is inconsistent with the judgment. The law provides for an annual election of trustees by the stockholders of a mining incorporation, and the term of office for which defendants were elected trustees having expired many years before the commencement of the action, and the complaint and findings showing that plaintiffs were the owners of an overwhelming majority of shares of capital stock, we contend that upon this state of facts, plaintiffs had an adequate remedy in the election of a new Board of Trustees; and the failure to avail themselves of that remedy being their own fault and laches, they are not in a position to complain of the action of defendant. (Hittell's Laws, Arts. 754, 756, 936, 937.)

*Third*—The Court erred in trying of the case against the objection of defendants without service of summons upon or appearance of the corporation defendant.  (1 Van Sanvoord's Eq. Practice, 71; *Shaver* v. *Brainard,* 29 Barb. 25.)   The service of summons upon the "Washington Gold Quartz Mining Company" was certainly no service upon, and could not bind the "Washington Quartz Mining Company."  (*King* v. *Randlett,* 33 Cal. 322.)

*Fourth*—The plaintiffs failed to establish the corporate existence of the Washington Quartz Mining Company.

The certificate of incorporation offered in evidence does not state the name of the town or county in which the operations of the company were to be carried on, as required by Section 122 of the Corporation Law of 1850, (Stats. 1850, page 365), under which the attempted incorporation was made, and is for that reason fatally defective under the authority of *Harris* v. *McGregor* (29 Cal 127).

The corporation must claim in good faith to be a corporation and must be doing business as such corporation, in order to be entitled to the protection given by one statute to *de facto* corporations against collateral attacks.  (Stat. 1862, p. 110; *Oroville & Virginia City R. R. Co.* v. *Plumas Co.,* 37 Cal. 360.)

The evidence in this case shows no corporate act of the "Washington Quartz Mining Co." since 1856.

*Fifth*—The Court erred in finding that plaintiffs own the stock claimed by them, and in admitting the paper marked exhibit "B" as proof of such ownership.

The defendants were clearly entitled to judgment of nonsuit and cost against all the plaintiffs, upon the ground that they utterly failed to prove themselves stockholders, or to establish in any manner their interest in the action. The transfer of two shares from Henry Card to plaintiff Parrott does not appear to have been consummated or legalized by any record of transfer upon the books of the company, and however good it might be between themselves, could not be valid as against third parties, or place Parrott in position to bring this action.  (Stats. 1850,

p. 348 Sec. 12; *Western* v. *Bear River and Auburn W. and M. Co.*, 5 Cal. 186.)

The evidence relied upon by the other plaintiffs to establish that they were stockholders consists of Exhibit "B" attached to the deposition of English. This document was clearly inadmissible, and could by no possibility be even secondary evidence of the facts which it contains, in the absence of the sworn testimony of the man who executed it.

*Sixth*—The Court erred in finding that defendant Byers and Nave are trustees of the Washington Quartz Mining Company.

*Seventh*—The Court erred in finding the issue of title in the plaintiffs.

The complaint avers title, and the answer takes issue upon the averment. It devolved upon the plaintiffs, holding the affirmative to establish it by proof, and this they wholly failed to do.

It is well established law that title to mining ground cannot be proven otherwise than by evidence of a definite appropriation, either by a location in accordance with mining rules, or by establishing physical marks, showing clearly the metes and bounds of the claim, or by possession under a deed describing such bounds; and such appropriations must always, upon an issue of title to a mining claim, be proven to have been made either by the party claiming, or by some one under whom he holds by a valid claim of title. (*Atwood* v. *Fricott*, 17 Cal. 37; *English* v. *Johnson*, 17 Cal. 107; *Hess* v. *Winder*, 30 Cal. 349.)

*Haymond & Stratton*, for Respondents.

*First*—There are many answers to appellants' first point.

1st. The case of *Coggswell* v. *Bull* (39 Cal. 320), was an action against persons who were acting as trustees of a corporation for a mis-appropriation of its funds. This is an action against persons who were elected trustees of a corporation, and as such received its property, but now deny the existence of the corporation, refuse to act as trustees, and have appropriated its property, to compel them to act as

such trustees, so far as the property which they have received and appropriated is concerned. If we apply the rule of *Coggswell* v. *Bull* to this case, the result might be stated thus: Before action could be maintained, a demand upon the Board of Trustees must be made. That demand could only be made upon the Board when assembled and acting as such. (*Myers* v. *City of Placerville*, July Term, 1870; *Gashwiler* v. *Willis*, 33 Cal. 11.)

They do not assemble and act as such board, but deny that they are the trustees.

No action can ever be maintained against the trustees of a corporation, for an appropriation of the property of the corporation and a violation of their trust, if they, after such appropriation and violation, disavow the trust and refuse to act. Or in other words the result is, that by increasing the enormity of their offence against justice and right they escape legal responsibility.

2nd. It is averred that Byers, Nave, and Elwell are the trustees of the corporation. This, to say the least, comes very near to an averment that they are the only trustees.

3rd. The reasoning by which it is attempted to support the complaint in *Coggswell* v. *Bull* applies with efficient force to this case.

4th. This action was based upon, and is fully sustained by the opinion of the Court in *Neal* v. *Hill* (16 Cal. 145.)

*Second*—It is said that plaintiffs have a remedy under the provisions of Arts. 754, 756, 936 and 937 of Hittell's Digest.

1st. An answer to this is that this corporation was not formed under the Act from which those provisions are taken, and that the mode and manner of electing trustees of this corporation is provided for in Sec. 126, of chapter V. of the Statutes of 1850.

2nd. Another answer is that the remedy would be neither speedy nor adequate.

Again: Appellants say plaintiffs might have illegally elected trustees, illegally clothed them with the powers of trustees *de jure,* and then had a remedy.

That is to say that equity will not enforce the just rights of plaintiffs, because they have not violated law; a proposition which is certainly a novel one in the administration of equity jurisprudence.

3rd. The variance between " Washington Gold Quartz Mining Company," and "Washington Quartz Mining Company," was immaterial. *(People* v. *Sierra Buttes Quartz Mining Company,* 39 Cal. 511.)

4th. It is said plaintiffs failed to establish the corporate existence of the corporation defendants; but as the company was actually organized by the proper number of persons, of whom the defendants were part, and trustees chosen, among whom were defendants, it is not in the mouth of defendants to set up their own want of power.

5th. The answer to the fifth point made by appellants is, that no exceptions were taken to the admission in evidence of Exhibit " B."

6th. The most that can be said by appellant on his sixth point is that the evidence is conflicting.

7th. Our answer to appellant's seventh point is that the testimony shows that the corporation was in possession of and working the mines. Possession is *prima facie* evidence of title. *(Hutchinson* v. *Perley,* 4 Cal. 33; *Keane* v. *Cannovan,* 21 Cal. 291.)

We also show, by the undisputed admission of defendants, that they entered upon the mine and took possession under the title of and for the corporation. (Taylor on Landlord and Tenant, 57, 58; *Galletan* v. *Cunningham,* 8 Cowen, 372; *Davoe* v. *Fanning,* 2 Johns. Ch. 255.)

CROCKETT, J., delivered the opinion of the Court, TEMPLE, J., WALLACE, J., and RHODES, C. J., concurring:

The plaintiffs claim that the Washington Quartz Mining Company is a corporation organized under the laws of this State for mining purposes, and is the owner of a certain

lode or vein of gold-bearing quartz, which is described in the complaint; that the capital stock of said corporation is divided into one hundred and eighty-one shares, of which the plaintiffs own one hundred and fifty-seven shares and the defendants twenty-four shares; that the defendants "are the duly elected Trustees of said company," and accepted the trust and entered upon the discharge of their duties as such Trustees, and, in their capacity of Trustees, took possession of said mine; but that recently the defendants have repudiated the trust and claim to be the owners, in their own right, of said mine, and assert title thereto, adversely to said corporation, and are working said mine for their own profit and advantage, and in hostility to the rights of said company; that they have taken from said mine a large amount of gold, for which they refuse to account; that they have neglected to keep any books of account, or any record of their proceedings, and are unable to respond to any judgment at law which might be recovered against them for these injuries. The prayer is for an accounting, and for a perpetual injunction restraining the further committing of these wrongs. The answer denies the existence of the corporation, or that it owns any lode or vein of quartz, or that the defendants are, or ever were, the Trustees of such corporation, or that, as such, they took possession of the mine described in the complaint; and they aver, affirmatively, that for more than five years last past they have been and are the owners in possession of a certain mine in that vicinity, claiming and holding the same adversely to all persons whomsoever. The answer also sets up the Statute of Limitations of two years, and avers that if the corporation ever owned the mine it had abandoned it before the commencement of the action. Judgment was rendered for the plaintiffs, and the defendants have appealed.

The first point made by the defendants is that the complaint is fatally defective in a matter of substance, and does not support the judgment in this, to-wit: That it is not averred in the complaint that the defendants constitute the whole, or even a majority of the Trustees of the corporation, and

it is not alleged that the Trustees were requested to institute an action in the name of the corporation for the redress of the grievances complained of. It is claimed, on the authority of *Coggswell* v. *Buell et al.* (decided at the April Term, 1870,) that without these averments this action will not lie in the name of the stockholders. The answer to this objection is: *First*—That the complaint avers that the defendants are *"the* duly elected Trustees of said company;" which, upon every rule of grammatical construction, is precisely equivalent to an averment that they are the only Trustees. If the word "the" had been omitted from the sentence, the criticism of the complaint in this respect would have been well founded. But as it stands, the sense would have been precisely the same if the averment had been that they were "the Trustees of said company, duly elected," which necessarily imports that they were the only Trustees. The only office of the word "the" in this connection is thus to qualify the meaning; for, otherwise, the sense would be the same whether this word be omitted or included. *Second*—The complaint avers that the defendants have repudiated the trust and converted the trust-fund to their own use, whilst the answer not only denies the trust but also the existence of the corporation itself. It is a familiar rule that where the relations between the parties are such that a demand and refusal is a condition precedent to the right of the plaintiff to maintain the action, a denial in the answer of the relation on which the action is founded will dispense with the necessity of an averment in the complaint of a previous demand and refusal. In an action by a landlord against his tenant, or by a vendor against his vendee for the possession, or by a *cestui que trust* against the Trustees to enforce the trust, if a demand and refusal were otherwise necessary, a denial in the answer that the alleged relation exists between the parties will dispense with the necessity of averring or proving a prior demand and refusal. The law does not require a useless act to be performed; and when it is plain from the answer that if a demand had been made it would have been refused, it does

not lie in the mouth of the defendant to object that no demand was made. In this case, a demand made upon the defendants as Trustees to institute an action against themselves, in the name of the corporation for the spoliation of the corporate property, could have subserved no useful purpose. It is obvious from the answer that such a demand would have been refused, inasmuch as the existence of the corporation itself is denied. It would have been an idle farce to have made such a demand upon these defendants, in view of the defence which is set up in the answer. But it is claimed that the proofs show that there were two other Trustees in addition to the defendant, and that three would have formed a quorum, of which two would have been a majority, and that it is not impossible, but that in this method the plaintiffs might have procured an action to be brought in the name of the corporation if they had requested it. But, if by chance such an action had been commenced under these circumstances, it would have been under the control and management of these defendants, who constituted a majority of the Trustees, and who might at any time have caused it to be dismissed. If allowed to proceed, the rights of the stockholders would have but little protection in an action in the name of the corporation against the majority of the Trustees, who repudiate the trust, deny the existence of the corporation, and are charged with a gross abuse of the trust property.

The next point is that the plaintiffs might, at any time, have elected a new Board of Trustees, and in this way have caused an appropriate action to be brought in the name of the corporation. But this suggestion is entitled to no consideration, coming, as it does, from defendants who deny the existence of the corporation, and who are holding adversely to it. The question before us relates to the rights of the plaintiffs as they stood at the time of the commencement of the action; and it is no defence for the defendants that it was in the power of the plaintiffs, if they had chosen to do so, to elect a new Board of Trustees.

In the original complaint, the "Washington *Gold* Quartz Mining Company" was named as a party defendant, and the summons was issued against the corporation by that name, and was returned as served. But at the trial the Court permitted the complaint to be amended by striking out the word "*Gold*" from the name of the corporation; and, thereupon, the defendants objected to proceeding further in the trial, on the ground that service on the "Washington *Gold* Quartz Mining Company" was not service on the Washington Quartz Mining Company, and that the action could not proceed until the last named company either appeared or was brought in by proper service. But the Court ordered the trial to proceed, and the defendants excepted. We might presume, in support of the judgment, that the Court was satisfied that the interpolation of the word "*Gold*" into the corporate name was only a clerical error or the result of inadvertence, and that service was, in fact, duly made upon the proper corporation, though by a wrong name. But it is unnecessary to express a decided opinion on this point, inasmuch as the corporation was a necessary party in respect only to that branch of the case relating to the accounting; and as the relief granted was limited to an injunction restraining further waste or the assertion of a hostile title by the defendants, if the Court erred in ordering the trial to proceed without due service on the corporation, it was an error which did the defendants no harm. If an accounting had been ordered, the corporation would have been a necessary party, inasmuch as the sum found to be due could be paid only to the corporation and not to the stockholders. But when the purpose of the action is only to stay waste and to preserve the corporate property, no useful end could be subserved by making the corporation a party, and the defendants could not have been prejudiced by a failure to do so.

The defendants also assail the judgment on the ground that the certificate of incorporation is void because it fails to specify the town or county in which the principal business of the corporation is to be carried on. But if the cer-

tificate be liable to this objection, the defendants are estopped from urging it. They not only signed the certificate, but accepted the office of Trustees, and in that capacity acquired the possession of the corporate property. Estoppels *in pais* would be of little value if the unfaithful Trustees of a corporation, who are fraudulently wasting the corporate property and appropriating it to their own use could shield themselves behind a technical defect in the act of incorporation. On this point see *Rockville and W. Turnpike Company* v. *Van Ness*, (2 Cranch. C. C. R.) .

The next error assigned is, that there was no competent evidence that either of the plaintiffs, at the time of the commencement of the action, was a stockholder of the corporation. It was proved that one Card was the holder of a certificate issued to him for two shares of the capital stock, and that he assigned this certificate to the plaintiff, Parrott, but there was no proof that the transfer had been entered on the books of the corporation; and it is claimed that under the Corporation Act of 1850, Parrott could not become a stockholder until the transfer is entered on the books. The case of *Weston* v. *Bear River & A. W. & M. Company*, (5 Cal. 185), is cited in support of this proposition. The point decided in that case was, that a transfer of the certificate of stock, without an entry on the books, was void as against a subsequent attaching creditor of the assignor. In the case between the same parties (6 Cal. 425), it was held that the transfer was valid as against a subsequent assignee, who took with notice of the prior assignment.

The principle decided in these cases was affirmed in *Naglee* v. *Pacific Wharf Company*, (20 Cal. 529;) and *Mead* v. *Elmore*, decided at the July Term, 1868, but not reported. In the latter case, in commenting on those before cited, we said: "It was held in those cases that transfers of stock which have not been entered on the books of the company, as provided in the statute, are, nevertheless, valid as against all the world, except subsequent purchasers in good faith without notice."

In the case at bar the question as to the validity of the assignment, and its effect, does not arise as between a subsequent and a prior assignee, nor as between the assignee and the corporation, but as between the assignee and unfaithful Trustees, who have no equities to be protected. It is unnecessary for us to decide what would be the effect of the assignment if the contest were between Parrott and the corporation as to the rights which he acquired by the transfer, as against the corporation. But it is clear that in requiring transfers of stock to be entered upon the books it was not the purpose of the statute to declare such transfers void at law and in equity, as against fraudulent Trustees who are wasting the corporate property and converting it to their own use.

I am, therefore, of opinion that the transfer to Parrott invested him with such rights as entitles him to maintain this action. This view of the case renders it unnecessary to inquire whether the proof shows the other plaintiffs to have been stockholders, as it is sufficient to maintain the action if either one of them was a stockholder

But Exhibit "B" certainly tended to show that the other plaintiffs were also stockholders, and, though this document was objected to when produced by the witness, Engglish, and the objection noted in the deposition, I fail to discover anything in the record to show that the objection was renewed at the trial, or that the Court requested to decide or did decide upon the competency of the proof. Objections of this kind cannot be raised for the first time in this Court.

There was evidence tending to show that the defendants, Byers and Nave, were and are Trustees of the corporation, and the judgment cannot be disturbed on the ground of a failure of proof on this point.

The last error assigned is that the Court erred in finding the issues of title in favor of the plaintiffs. On this point it is sufficient to say that there was evidence tending to show a prior possession by the corporation of the mining ground in contest, and that the defendants entered

into the occupation of it as Trustees of the corporation. This was clearly sufficient proof of title to support the judgment.

Judgment affirmed.