[Civ. No. 1605.    Third Appellate District.—February 8, 1917.]

NELLIE TURTON et al., Respondents, v. C. G. SHINN et al., Defendants; C. G. SHINN, Appellant.

GUARANTY — DENIAL OF RELATIONSHIP AND LIABILITY — DEMAND NOT REQUIRED.—In an action to recover on a guaranty, proof of demand for payment and refusal before action brought is not required, where the verified answer of the defendants not only denied any liability but denied the alleged relationship existing between them and the plaintiff.

ID.—FAILURE TO OBSERVE CONDITION PRECEDENT—WHEN NOT FATAL.— While it is within the power of a guarantor to make his obligation dependent upon notice, demand, or any other condition he deems proper for his own protection and safety, the law neither does nor requires idle acts, and a failure to observe a condition precedent is not always and under all circumstances fatal to recovery, as, for example, where the relationship and liability are both denied.

APPEAL from a judgment of the Superior Court of Sacramento County.    Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and Carl L. Shinn, for Appellant.

White, Miller, Needham & Harber, for Respondents.

CHIPMAN, P. J.—The action is against defendants as guarantors of a certain lease executed by plaintiffs as lessors and the Morgan Shoe Company, a corporation, as lessees, the premises being situated at No. 801 K. Street, in the city of Sacramento.

The guaranty reads as follows:

"In consideration of the foregoing lease or agreement, and one dollar to me paid, the receipt whereof is hereby acknowledged, we do hereby covenant, promise and agree, to and with the said Nellie Turton and Kate Turton that the said Morgan Shoe Company, a corporation, shall well and truly pay all rents and perform and execute all the covenants therein contained on its part, and that on its failure to do so in any particular will on demand pay unto said Nellie Turton and Kate Turton all rents or damages that may happen or occur by reason of such failure, not exceeding the sum of fifteen hun-

dred dollars, and immediate notice of default is hereby expressly waived.

"Dated and signed on this 29th day of September, 1913.

"C. G. Shinn.

"H. S. Baxter-Hooper.

"Dave Ahern."

"Signed, sealed and delivered in the presence of

"A. L. Shinn,

"A. B. Erway,

"H. F. DeBack."

The complaint is verified.

Answering the complaint, defendant Shinn denied that he together with the other alleged guarantors "subscribed or delivered to the plaintiffs an agreement guaranteeing the payment of all or any rents or damages that might happen or occur by reason of the failure of the Morgan Shoe Company to pay the said rent," etc.; averred that defendant affixed his signature to said instrument, and it "was thereupon presented by the Morgan Shoe Company to plaintiff for acceptance"; that plaintiff refused to accept defendant as guarantor and defendant was forthwith notified by said company of said refusal; that said company "thereafter obtained the signatures of said Hooper and Ahern to said instrument as the guarantors of the rents and damages as aforesaid. That plaintiffs accepted the said Hooper and Ahern as the only guarantors of said rents and damages, and plaintiffs ever since said acceptance have treated with the said Hooper and Ahern as the only guarantors of the said rents and damages"; denied that plaintiffs ever notified him of the company's default in the payment of said rents or ever demanded from defendant the payment thereof.

The cause was tried by the court without a jury and plaintiffs had judgment for one thousand five hundred dollars and costs of suit, taxed at twenty dollars. Defendant Shinn appeals.

It is not necessary to state the terms of the lease, as no question arises concerning its purport. The lessee, Morgan Shoe Company, became insolvent and defaulted in payment of rentals in an amount in excess of one thousand five hundred dollars. Hence the action against the guarantors.

Appellant specifies the following particulars wherein he claims the evidence to be insufficient to justify the decision of

the court: "1. The evidence is insufficient to justify the portion of finding No. V, viz.: 'That proof of such demand upon defendant, C. G. Shinn, was neither required nor necessary.' The contract of guaranty expressly provides that demand must be made; 2. There is no evidence to justify that portion of finding VII, viz.: 'That the averments in the answer of defendant, C. G. Shinn, and each of them is not true.' He avers that his offer to guarantee was not accepted by plaintiffs. The evidence of plaintiffs' agent, Frank Hickman, shows that the offer was conditionally accepted and that defendant never assented to the condition thus imposed."

The lease was prepared by Frank Hickman, a real estate and insurance agent, acting in the matter as plaintiffs' agent. He testified that he secured the Morgan Shoe Company as tenant of the premises; that the Morgan Shoe Company obtained the signatures of the guarantors, and as executed by that company with the guaranty signed by the three parties the lease was presented to him and signed by plaintiffs. "Q. State the circumstances concerning the signatures of the guarantors. A. The best of my recollection, they brought the lease in with the name of Shinn. I told them that was not sufficient; then followed with Mr. Hooper—I did not know Hooper—and made the same objections. They finally brought in Mr. Ahern's name, then I told him I thought the three of them would be satisfactory. We accepted the lease." He testified to the occupancy by the Morgan Shoe Company; its bankruptcy later; the amount of rentals paid and still unpaid, etc., as to which no question arises. On cross-examination he testified: "By Mr. Carl Shinn: Q. Do you recall who presented the lease with the signature of C. G. Shinn attached? A. One of the men of the Morgan Shoe Company. Q. That was Mr. Tom Finlayson, was it not? A. I think so. Q. What did you tell him? A. I told him that I did not know Shinn. I would like to have additional bondsmen—additional security on the lease. Q. Did you ever communicate with Mr. Shinn in reference to obtaining other signatures? A. No, sir. Q. You never communicated with him in any respects regarding the guarantee? A. No, sir. Q. All your dealings occurred with the Morgan Shoe Company? A. Yes, sir. Q. He never expressed his assent to that arrangement stated by you for other signatures? A. I do not think I had any conversation with Mr. Shinn whatever. Q. All you know is you

objected to his signature for the reason that it was not suffi-
cient? A. I simply asked for additional security on the lease.
I did not object to the signatures, no sir. Q. You refused to
accept that signature, however? A. No, sir; I did not refuse
to accept any signature on the lease—merely asked for addi-
tional security, in addition to Mr. Shinn and Mr. Hooper.
Q. You made a conditional acceptance at that time? A. Yes,
sir. Q. Plaintiffs had nothing to do with the execution of the
lease or the guarantors on it—you attended to all that en-
tirely? A. Yes, sir. Q. What did Mr. Finlayson say to you
when he returned with the lease signed by the three parties?
A. I could not tell you. Q. There has never been any under-
standing between you and Mr. C. G. Shinn in reference to that
guaranty? A. No, sir. Q. Of any kind? A. No, sir. Mr.
Shinn: That is all.''

Defendant Shinn testified as follows: "Q. State briefly
what connection you had with the lease. A. I had acknowl-
edged the signatures of the Morgan Shoe Company. Mr. Fin-
layson asked me if I would go on the bond. I told him yes,
if it would help him; so he took it away. The Court: Was
Mr. Finlayson one of the firm? A. One of the members of
the Morgan Shoe Company. Mr. Carl Shinn: Q. You say
Mr. Tom Finlayson was negotiating the lease and guaranty
in behalf of the Morgan Shoe Company? A. Yes. Q. Is Mr.
Tom Finlayson now living? A. No, sir; he died about three
months ago.'' The remaining questions put to this witness
called for conversations later between Finlayson and the wit-
ness and were objected to and not answered.

The foregoing is substantially all of the evidence bearing
upon the findings objected to.

Appellant's defense is that plaintiffs refused to accept him
as a guarantor and accepted Hooper and Ahern as the only
guarantors. *Niles* v. *Hancock,* 14 Cal. 161, and other like
cases are cited in which it was held that "where an offer has
once been rejected, the party rejecting cannot afterward, at
his option, accept the rejected offer, and thus convert the same
into an agreement by acceptance.'' The evidence does not
warrant the application of this principle. The case here is
quite different from the cases cited. Appellant signed the
guaranty, as he testified, at the request of the Morgan Shoe
Company—not at plaintiffs' request. He testified: "Mr. Fin-
layson asked me if I would go on the bond. I told him yes,

if it would help him; so he took it away." He did not testify, and there was no evidence, that appellant attached any condition to his guaranty, nor was any conditional offer communicated to plaintiffs. Neither was there any evidence that plaintiffs refused to accept him as a guarantor nor that plaintiffs offered to accept him as a surety on terms different from those found in the written instrument executed by appellant. The instrument seems to have been drawn in contemplation of being signed by more than one person, for its language is, "We do hereby covenant," etc. There is an entire failure of proof in support of appellant's answer, and hence the finding that its "averments are not true" was justified.

The court made the following findings: "That no proof of service of demands of said rentals upon defendants C. G. Shinn and H. S. Baxter-Hooper was offered; that it appears from the verified answers of said defendants last named that such demand would have been idle, needless, and useless; that defendant C. G. Shinn in his answer denied the execution and delivery to plaintiffs of said hereinbefore mentioned agreement and alleged that plaintiffs refused to accept him as guarantor of the rents or damages, and that plaintiffs accepted the said Hooper and Ahern as the only guarantors of said rents and damages; . . . that said last named defendants denied the relationship existing between them and plaintiffs by reason of the execution and delivery by them of said contract and the liabilities and consequences arising therefrom; that proof of such demand upon defendants Shinn and Hooper was neither required nor necessary."

It is contended that "it is within the power of a guarantor to make his obligation dependent upon notice, demand, or any other condition he deems proper for his own protection and safety"; that his liability cannot be extended beyond the terms of his contract. This view of the law may not be questioned. But "the law neither does nor requires idle acts" (Civ. Code, sec. 3532); and the courts frequently resort to this maxim in dealing with the contractual relations of men. A failure to observe a precedent condition is not always and under all circumstances fatal to recovery. This is very well shown in *Parrott* v. *Byers,* 40 Cal. 614, 622: "It is a familiar rule that where the relations between the parties are such that a demand and refusal is a condition precedent to the right of the plaintiff to maintain the action, a denial in

the answer of the relation on which the action is founded will dispense with the necessity of an averment in the complaint of a previous demand and refusal. In an action by a landlord against his tenant, or by a vendor against his vendee for the possession, or by a *cestui que trust* against the trustees to enforce the trust, if a demand and refusal were otherwise necessary, a denial in the answer that the alleged relation exists between the parties will dispense with the necessity of averring or proving a prior demand and refusal. The law does not require a useless act to be performed; and when it is plain from the answer that if a demand had been made it would have been refused, it does not lie in the mouth of the defendant to object that no demand was made.''

This case has been many times cited, and with approval. In his verified answer appellant not only denied any liability but denied the relationship in which he placed himself toward plaintiffs by the instrument sued upon. It seems to us quite apparent that a demand of payment before commencing the action would have been fruitless and unavailing, and hence was unnecessary.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.