[Civ. No. 2408.  Third Appellate District.—May 5, 1922.]

## CHARLES A. WARD, Appellant, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY (a Corporation), Respondent.

[1] SURETIES—JOINT AND SEVERAL LIABILITY — PLEADING—PARTIES.— Where an undertaking imposes a several as well as a joint liability, the surety may be sued without joining the principal as a party defendant.

[2] ID.—ACTION ON BOND FOR RELEASE OF ATTACHMENT — DEMAND— SUFFICIENCY OF COMPLAINT.—Where a bond given to secure the release of an attachment provided that in case the plaintiff recovered judgment, the defendant would on demand redeliver the attached property so released to the proper officer, to be applied to the payment of the judgment, or would on demand pay to the plaintiff the full value of the property released not exceeding the amount of such judgment, the allegation in the complaint in an action on such bond that demand was made for the payment of the amount of the judgment was sufficient, where the value of the property and the amount of the property were both alleged, and it appeared therefrom that the judgment was for less than the value of the property.

[3] ID.—OFFER OF PERFORMANCE BY SURETY—REDELIVERY OF PROPERTY —SURPLUSAGE.—In such action it was gratuitous and unnecessary for the plaintiff to allege an offer on the part of the surety to redeliver the attached property, where it appeared from the other allegations of the complaint that failure and refusal to redeliver or pay the amount of the judgment existed on the part of the debtors, and that prior to the issuance of execution the debtors had converted the property to their own use.

APPEAL from a judgment of the Superior Court of Mariposa County. J. J. Trabucco, Judge. Reversed.

The facts are stated in the opinion of the court.

H. W. Longsdorff and F. W. Henderson for Appellant.

John A. Wall for Respondent.

BURNETT, J.—The appeal is from a judgment of dismissal entered upon an order sustaining a demurrer to the third amended complaint. After an allegation of the corporate capacity of defendant, the complaint proceeds in the second paragraph:

"That on or about the 10th day of March, 1916, Charles Ward, plaintiff herein, commenced an action in the superior court of Mariposa county, state of California, in which he was plaintiff and Mrs. M. C. McIntyre, whose true name is Nettie C. McIntyre, . . . J. C. Yancey . . . were defendants; that said action was brought by said plaintiff against said defendants to recover the sum of $1,154.60 upon an account for labor of men and teams, hay and grain furnished and freighting done, all at the special instance and request of said defendants, and for interest thereon from the 1st day of November, 1915, at the rate of seven per cent per annum, and costs of suit.

"That on or about the 10th day of March, 1916, a writ of attachment was duly issued in said action, and in said month duly levied by the sheriff of Mariposa county upon certain property, to-wit, a lot of gold bearing ore in an ore bin, the property of said defendant. That on or about the 16th day of March, 1916, the said Nettie C. McIntyre, as principal, and the said Massachusetts Bonding and Insurance Company, a corporation, as surety executed a written undertaking in words and figures as follows:

" 'In the Superior Court of the County of Mariposa, State of California.

" 'Charles Ward, Plaintiff,

   vs.

" 'M. C. McIntyre, J. C. Yancey and John Doe, Defendants.

" 'Whereas, the above named plaintiff commenced an action in the Superior Court of the County of Mariposa, State of California, against the above named defendants, claiming that there was due to said plaintiff from said defendants the sum of $1154.60 or thereabouts, and thereupon an attachment issued against the property of said defendants as security for the satisfaction of any judgment that might be recovered therein, and certain property and effects of the said defendants have been attached and seized by the sheriff of the said Mariposa county under and by virtue of said writ;

" 'And whereas, the said defendants are desirous of having said property released from said attachment;

" 'Now, therefore, the Massachusetts Bonding and Insurance Company, . . . in consideration of the premises, and also in consideration of the release from said attachment of the property attached, as above mentioned, does hereby undertake in the sum of $2310, and promise that in case the plaintiff recovers judgment in the action, defendant will on demand redeliver the attached property so released to the proper officer, to be applied to the payment of the judgment, or will on demand pay to the plaintiff the full value of the property released, not exceeding the amount of such judgment.' "

In the third paragraph it is alleged:

"That subsequent to the execution and delivery of said bond, as aforesaid, and the release of said attachment, said defendants Nettie C. McIntyre and J. C. Yancey appropriated to their own use all of the property so attached by said sheriff; that the value of the property at the time it was so attached, as aforesaid, and at the time it was released to said defendants upon the filing and approval of said undertaking, was in excess of the sum of $2,000.00.

"That upon the filing of said undertaking and its approval by said sheriff, said sheriff did, upon demand of said

Nettie C. McIntyre and J. C. Yancey, defendants in said action, surrender and deliver possession of said property so attached to said defendants last named, and said writ of attachment was discharged by said sheriff.''

The fourth paragraph alleges the recovery of a judgment by plaintiff in said action against the defendants therein for the sum of $1,287.50, that said judgment is in full force and effect and unsatisfied.

''That execution thereon was issued by the clerk of said Superior Court and delivered to the sheriff of said Mariposa County; that upon receipt of said writ of execution and prior to its return as hereinafter alleged, said sheriff of Mariposa County did demand of defendants, Mrs. M. C. McIntyre and J. C. Yancey a redelivery of the property so attached, or pay to plaintiff the amount of said judgment, which amount was less than the full value of the property so attached and released.

''That thereafterwards said defendant and said McIntyre and Yancey did fail and refuse to pay any part of said judgment, and did fail to re-deliver any of said property so attached as aforesaid to said sheriff of Mariposa County to be applied to the payment of said judgment.

''That after said attached property was released to said Nettie C. McIntyre and J. C. Yancey, as aforesaid, and prior to the making and entering of said final judgment, said defendants Nettie C. McIntyre and J. C. Yancey caused the ore levied upon by said attachment to be crushed and the precious metals taken therefrom and converted the same to their own use. That by such acts said Nettie C. McIntyre and J. C. Yancey rendered said property useless and valueless. That subsequent to the levy of said writ of attachment and prior to the issuance of the writ of execution said Nettie C. McIntyre and J. C. Yancey parted with all of their right, title and interest in and to the ore bins levied upon by virtue of said writ of attachment. That upon said demand of said Sheriff said Nettie C. McIntyre and J. C. Yancey and the Massachusetts Bonding and Insurance Company, defendant herein served upon said Sheriff a notice in writing of which the following is a copy.''

Said letter referred to the execution of said undertaking and the recovery of said judgment and declared that ''we, and particularly Nettie C. McIntyre and J. C. Yancey

hereby offer and tender to you all of the property attached
under said writ, and released upon the filing of said under-
taking. Said property, as shown by your return of the
writ of attachment is personal property and consists of the
following [describing it]. Your return further shows that
said property was attached by you, 'by taking the same into
your custody and putting a keeper in charge,' and we
hereby request that you take the same again in your cus-
tody and hold the same in like manner as before the filing
of said undertaking and the release of said levy.

"You will please consider this letter a formal offer on
the part of the defendants in said action to return to your
custody exactly what you had attached prior to the filing
of said undertaking. This is to comply with the engage-
ments of the surety upon said undertaking, as above quoted,
and we stand ready to put you in precisely the same posi-
tion with reference to said property as you were before the
release of said levy."

The fifth paragraph is as follows:

"That thereafterwards in due course said sheriff returned
said writ of execution unsatisfied; that thereafterwards, to-
wit, on January 15th, 1920, plaintiff demanded of de-
fendant herein that it pay to plaintiff the amount of said
judgment including costs and interest, as aforesaid; that on
the 16th day of January, 1920, said defendant notified
plaintiff that having made the offer in writing as herein-
before set forth it was under no obligation respecting said
bond and said defendant and said Nettie C. McIntyre and
J. C. Yancey have wholly neglected and refused and still
neglect and refuse to pay the plaintiff herein said judgment
or any part thereof, and the whole of said judgment and
interest thereon is unpaid."

In the foregoing we discover the omission of no fact ma-
terial to the statement of a cause of action upon the un-
dertaking. Plaintiff set up all the facts and conditions
upon which the liability of appellant depended. As to this
we think there is no serious controversy and we therefore
pass to the consideration of the special objections to the
complaint.

[1] We are satisfied that it was not necessary for plain-
tiff to join Nettie C. McIntyre as a party defendant. She
was the principal in the execution of said undertaking,

but it plainly appears from the language of said instrument that defendant's promise imposed a several as well as a joint liability, and in such case the surety may be sued separately. (Sec. 383, Code Civ. Proc.; *Moreing* v. *Weber,* 3 Cal. App. 14 [84 Pac. 220]; *London etc. Bank* v. *Smith,* 101 Cal. 415 [35 Pac. 1027].)

In *Farmers' Exchange Bank* v. *Morse,* 129 Cal. 239 [61 Pac. 1088], cited by respondent, the note upon which the suit was based involved a joint obligation and there was no several liability. The supreme court declared that "it clearly appears, on the contrary that the intention was that the promise should be joint," and, hence, it was held to be a case for the application of the rule requiring all the joint makers to be made parties, citing Pomeroy's Code Remedies, section 271, and *Harrison* v. *McCormick,* 69 Cal. 616 [11 Pac. 456].

[2] There seems to be no question as to the sufficiency of the demand for the return of the property and the only possible criticism relates to the alternative condition, "or pay to plaintiff the amount of said judgment." Instead of using the foregoing language, the bond provided: "or will on demand pay to plaintiff *the full value of the property* released, not exceeding the amount of such judgment." The rule is, of course, that "the liability of sureties is not to be extended beyond the terms of their contract; to the extent and in the manner and under the circumstances pointed out in their obligation they are bound but no further; and they are entitled to stand on its precise terms." (*Pierce* v. *Whiting,* 63 Cal. 538; *Curtin* v. *Harvey,* 120 Cal. 621 [52 Pac. 1077].) But it is alleged in the complaint that the value of the property was $2,000 and the amount of the judgment was $1,287.50. These allegations must be taken as true, and hence it appears clearly that the "precise terms" of the undertaking required the surety to pay any amount that might be recovered if it did not exceed $2,000. The judgment was for less than said amount and it seems difficult to understand why appellant should be expected to do more than demand what was required to satisfy said judgment. It was not necessary for plaintiff to allege that defendant or McIntyre and Yancey knew the value of the property. Under the circumstances, they would be presumed to know its value, but

whether they knew it or not, the obligation was to pay to the extent of its value. As we understand the situation, the case in effect is the same as though the value of the property had been recited in the undertaking. If the property was actually of less value than the amount of the judgment it could be shown in defense, but on demurrer the court is bound by said allegation.

Indeed, the proper practice in such case would seem to be for the judgment creditor to make a demand for the redelivery of the property or for the payment of the amount of the judgment, requiring the judgment debtor to object to the amount demanded in case he believed it to be in excess of the value of the property.

We may add that the course pursued is approved in *Mullally* v. *Townsend,* 119 Cal. 47 [50 Pac. 1066]. It seems that therein the value of the property was recited in the bond, but we can perceive no special significance in that fact.

A similar objection is urged to the demand that was afterward made upon the surety for the payment of the amount of the judgment, but we think it is equally without merit. In view of the allegations of the complaint we are satisfied that no such circumlocution was required in making the demand as appellant would compel.

In *Pierce* v. *Whiting, supra,* cited by respondent, the complaint did not show any demand at all upon the sureties and, of course, was radically defective in that respect.

In the Curtin case, *supra,* the value of the property was found to be $200 and, manifestly, the sureties were not required to pay the full amount of the judgment, which was for $400.

[3] The only other question which we deem worthy of any attention is involved in the circumstance of said written offer of performance. The pleading of this fact by plaintiff was rather gratuitous, and was certainly unnecessary and might well have been omitted. However, it must be considered in connection with the other allegations of the complaint, and as thus viewed it presents the aspect of mere surplusage and redundancy. The other allegations show that defendants McIntyre and Yancey had failed and refused to redeliver the property when it was demanded or to pay the amount of the judgment and that prior to

the issuance of said writ of execution, they had crushed the ore, extracted the metal therefrom and converted it to their own use, thus rendering it valueless, and had parted with all their right, title, and interest in and to the ore bins—all before said offer was made. The context therefore reveals said written instrument as containing an idle and simulated offer to do what was impossible of performance. To be effective as a defense such offer must be made in good faith and with present ability to perform. (*Langan* v. *Mariposa etc. Co.*, 39 Cal. App. 71 [178 Pac. 166]; *Doak* v. *Bruson*, 152 Cal. 17 [91 Pac. 1001].) This necessary quality of the act was negatived and, hence, no legal significance is to be attached to said offer.

Considering the whole of the complaint we regard it as though plaintiff had set out said written instrument and had followed it with the allegation that the offer was not made in good faith and was impossible of performance because a part of the property had been destroyed and the residue was beyond the power of the defendants to convey. But even if it could be said that it does not appear that defendants were unable to secure the conveyance of the bins, it is clear enough that they could not restore the personal property which had been destroyed and, of course, an offer to return or the return of a part only of the property is no compliance with the obligation of the undertaking. (*Metrovich* v. *Jovovich*, 58 Cal. 341; *Mullally* v. *Townsend, supra.*)

The cases cited in this connection by respondent involved different conditions. For instance, in *Curiac* v. *Packard*, 29 Cal. 194, the question arose after trial as to the sufficiency of the tender of the amount due and the only controversy was as to whether greenbacks should be taken at their face value.

In *Oakland Savings Bank* v. *Applegarth*, 67 Cal. 86 [7 Pac. 139, 476], there was no question of the good faith of the tender, but it was a few dollars less than the amount due and the supreme court properly held that the payee of the note should have made an objection to the tender on that ground or else he would be deemed to have waived it by virtue of section 2076 of the Code of Civil Procedure.

Likewise, in *Bumiller* v. *Bumiller*, 179 Cal. 119 [175 Pac. 897], the ability to perform was not disputed and as stated

by the supreme court: "The undisputed evidence shows that the plaintiff tendered to the defendant at the place where he was found, or his duly authorized agent, the full amount due . . . and that she made such tender good by a deposit of such amount with a proper depositary, giving the defendant due notice thereof."

Of course, if the parties did have the ability to perform and the offer was made in good faith, it can be shown at the trial and the surety would be exonerated, but as the matter stands, we think the learned trial judge was in error in sustaining the demurrer.

The judgment is reversed, with directions to the trial court to overrule the demurrer and permit defendant to answer, if so advised.

Hart, J., and Finch, P. J., concurred.