[Civ. No. 9269   Second Appellate District, Division One.—April 4, 1935.]

ROY C. ROADMAN, Trustee, etc., Respondent, v. WM. I. TRAEGER et al., Defendants; J. W. PATTERSON et al., Appellants.

Hickcox, Thomson & O'Connor for Appellants.

John F. Clark for Respondent.

EDMONDS, J., *pro tem.*—The appellants are sureties on a bond given to secure the release of a bank account attached in an action previously brought by Associated Sales Company, Inc., a corporation, and this action was brought to recover the amount of the judgment subsequently rendered in its favor. On appeal from the judgment rendered against them, appellants present two points: First, that the complaint does not allege nor did the trial court find that any demand was ever made upon them for pay-

ment; and second, that plaintiff cannot recover without showing that the claim had been assigned to him by the corporation.

■ The complaint alleged the circumstances of the execution and delivery of the bond in the litigation then pending, the subsequent rendition of judgment and its affirmance on appeal, and that a writ of execution had been returned wholly unsatisfied. Appellants by their answer denied all of these allegations, with the exception that they admitted the execution and delivery of the bond, and pleaded an additional defense of exoneration. It thus appears that they denied any liability upon their obligation. They cannot, therefore, complain of the want of demand. "The legitimate object of a demand is to enable a party to perform without a suit at law. (*Mullally* v. *Townsend*, 119 Cal. 47 [50 Pac. 1066].) It is sometimes unjust and inequitable to subject a defendant to litigation without first notifying him of plaintiff's claim. (*Cox* v. *Delmas*, 99 Cal. 104 [33 Pac. 836].) But where the defendant has refused to pay, the defense of want of demand becomes a technical one; and it has been held that where it is plain from the answer that if a demand had been made it would have been refused, it does not lie in the mouth of an appellant to object that no demand was made. (*Turton* v. *Shinn*, 32 Cal. App. 751 [164 Pac. 38]; *Ashton* v. *Dashaway Assn.*, 84 Cal. 61 [7 L. R. A. 809, 22 Pac. 660, 23 Pac. 1091]; *Parrott* v. *Byers*, 40 Cal. 614.)" (*Goldberg* v. *Rempp*, 95 Cal. App. 452, 455 [273 Pac. 63, 64].)

■ As to the second point, plaintiff does not claim under any assignment but on behalf of the corporation which was the attachment plaintiff in the action in which the bond here sued upon was given. The complaint in this case alleges that the corporation is now out of business and that plaintiff "is now trustee for the same". The appellants did not demur to the complaint upon the ground that plaintiff had no legal capacity to sue on behalf of the corporation, and they did not object to his capacity by their answer. They, therefore, waived any objection thereto. (Secs. 430 and 434, Code Civ. Proc.; *Hayt* v. *Bentel*, 164 Cal. 680 [130 Pac. 432]; *Los Angeles Ry. Co.* v. *Davis*, 146 Cal. 179 [79 Pac. 865, 106 Am. St. Rep. 20]; 1 Cal. Jur. 42.)

The appeal is without merit, and the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 1, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 3, 1935.